```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/18/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN GAMBLE,

                          Plaintiff,

-against-

ASSIS. COMMISSIONER CORT, et al.,

                          Defendants.

**REPORT AND RECCOMENDATION**

23-CV-6443 (LGS)(KHP)

**TO: THE HONORABLE LORNA G. SCHOFIELD, UNITED STATES DISTRICT JUDGE**

**FROM:  KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    I respectfully recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure of Plaintiff, Kevin Gamble, who is proceeding pro se, to prosecute the case and for Plaintiff's continued failure to follow Court orders.

**BACKGROUND**

    Plaintiff commenced this action on July 1, 2023.  (ECF No. 1.)  The undersigned was referred for general pretrial management on May 23, 2024 and, on May 28, 2024, scheduled a case management conference to take place on June 12, 2024.  (ECF No. 47)  On June 4, 2024, the conference was adjourned until August 5, 2024 at parties' request.  (ECF No. 49.)   In the request to adjourn the conference, Defendants noted that Plaintiff had not yet provided requested discovery, and they moved to compel discovery from the Plaintiff on May 21, 2024.  (ECF Nos. 44 & 47.)

    Plaintiff failed to appear at the August 5, 2024 case management conference.  At the conference, Defendants indicated that Plaintiff had still not provided the necessary releases for Defendants to obtain documents relevant to his claims, and that he had not responded to their

discovery requests. (*See* ECF No. 55.) Following the conference, the undersigned issued an order scheduling another case management conference for September 16, 2024, which warned Plaintiff that failure to appear for future conferences, or continued failure to participate in discovery, would result in sanctions or dismissal of the action. (*Id.*) The order was mailed to Plaintiff's last known (and provided) address.

On August 7, 2024, the undersigned granted Defendants' motion to compel discovery from the Plaintiff and directed the Plaintiff to respond to Defendants' first set of interrogatories and request for production by September 6, 2024. (ECF No. 56.) The order, which was also mailed to the Plaintiff, noted again that failure to comply with the order would result in sanctions up to dismissal of the case. *Id.*

Plaintiff again failed to appear for the rescheduled conference, which was held on September 16, 2024. At the conference, counsel for the Defendant stated that they had been unable to reach Plaintiff since July 2024, and that the phone number Plaintiff provided appeared to be disconnected. Defendants also stated that Plaintiff still had not participated in discovery, in violation of the Court's order on the motion to compel.

## LEGAL STANDARD

Rule 41(b) provides that a court may dismiss an action "[f]or a failure of the plaintiff to prosecute or to comply with . . . any order of the court." Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

In determining whether to dismiss a case under Rule 41(b), courts consider the following factors: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that

further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) the efficacy of lesser sanctions.  *Id.*  No single factor is dispositive.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## DISCUSSION

Dismissal under Rule 41(b) is appropriate here.  For the last three months, Plaintiff has failed to comply with court orders and has had no contact with the Court.  Plaintiff missed two status conferences and was explicitly warned in three separate orders that failure to respond to that order may result in a recommendation for dismissal for failure to prosecute.  It is unduly burdensome on this Court and unfair to Defendants to continue this case when Plaintiff is not participating and refusing to comply with orders.  Given Plaintiffs' failure to comply with the Court's orders and the fact that the Plaintiff has not filed any document since November 17, 2023, the sanction of dismissal is appropriate.  *See Alaimo v. Auto. Consulting*, 2010 WL 2884711 (S.D.N.Y. July 20, 2010) (dismissing based on plaintiff's continued failure to prosecute).

## CONCLUSION

For the above reasons, I respectfully recommend that the instant action be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

Dated: September 18, 2024
      New York, New York   Respectfully Submitted,

*/s/ Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

NOTICE

**Plaintiff shall have seventeen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).**

**Defendants shall have fourteen days from the date of service of any objections to serve and file any response. Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn*, **474 U.S. 140 (1985).**